No. 29,512.

BERTHA STRAW, *Appellant*, v. G. R. SPENCER, *Appellee.*

(293 Pac. 478.)

Opinion filed December 6, 1930.

*W. W. Bryant,* of Lenexa, *C. W. Gorsuch, Chauncey B. Little* and *Judson S. West,* all of Olathe, for the appellant.

*Frank DeWitt Hedrick* and *Sam T. Seaton,* both of Olathe, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries sustained in a collision of two autotrucks at a highway intersection. The case was tried by the court, which found generally for defendant. Plaintiff appeals.

In Overland Park the highway known as the Santa Fe trail crosses Eightieth street. Eightieth street extends east and west from the intersection. North of the intersection the direction of the Santa Fe trail is slightly toward east of north. The Santa Fe trail is paved; at least, the witness spoke of the traveled way as paved. The pavement north of Eightieth street is twenty-five feet and some inches wide, but the pavement is not in the center of the highway. The west edge of the pavement is about seven feet from the west curb, and the east edge is about twenty-two feet from the east curb. The unpaved portions are used for parking.

On the day of the accident a coal truck was proceeding southward toward the intersection. It was followed by a truck owned by defendant Spencer and operated by his driver Anderson. At the same time a truck driven by plaintiff's husband, and in which plaintiff was riding, was proceeding northward on the Santa Fe trail toward the intersection, and was on the east side of the pavement. The driver of the coal truck gave the signal for a left-hand turn, and turned eastward on Eightieth street, in front of the Straw truck. Defendant's truck struck the Straw truck and plaintiff was injured.

The testimony for defendant was that, as the coal truck and defendant's truck approached the intersection they were both on the west side of the pavement. Anderson was looking in the direction he was driving. When the coal truck turned from in front of him he saw the Straw truck directly in front of him and only twenty feet away. He applied his brakes immediately, and his truck skidded until it struck the Straw truck.

It is not necessary to recite the testimony in detail, or to debate the subject of right and wrong side of the road. Plaintiff produced some testimony which tended to support a cause of action against defendant. But the court did not believe the testimony for plaintiff gave a true account of the accident. The great weight of the testimony was that Straw put his truck on what, under the circumstances, was the wrong side of the road, that he was entirely responsible for the accident, and that Anderson was not negligent.

The appeal is dismissed for lack of merit.